# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INMER ROLANDO TUM-ALVARADO (A-No. 221-489-443),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION CENTER,<br><br>Respondent. | Case No. 1:26-cv-04952-JLT-CDB<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 5) |

Before the Court is Inmer Rolando Tum-Alvarado's first amended petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 5.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

## I.    FACTUAL BACKGROUND

Petitioner is from Guatemala. (Doc. 5 at 6.) Petitioner entered the United States on around May 4, 2016, but was not encountered or inspected by immigration officials at that time. (*Id*. at 7; Doc. 11-1 at 4.) Petitioner has lived in the United States continuously since his entry, has maintained employment, and has formed a family, which includes his partner, his 20-month-old U.S. citizen son, and his two stepchildren. (Doc. 5 at 7.)

On January 7, 2026, Petitioner was detained by Immigration Customs and Enforcement during an immigration enforcement action. (Doc. 11-1 at 3.) ICE conducted various vehicle checks, identified Petitioner as the owner of said vehicle, stopped the Petitioner, and learned he was unlawfully present in the United States after conducting a brief interview. (*Id*.) ICE then detained the Petitioner and eventually transferred him to the Mesa Verde Detention Center in Bakersfield, California, where he remains. (*Id*.; Doc. 5 at 4.) On February 18, 2026, Department of Homeland Security charged Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 11-1 at 6.)

On March 5, 2026, and again on April 6, 2026, Petitioner requested a custody redetermination hearing before an Immigration Judge, but both times the IJ concluded that the Court lacked jurisdiction to set bond. (Doc. 5 at 8–9; Doc. 1-2 at 11, 15.) On March 13, 2026, Petitioner filed an application for asylum and withholding of removal, (Doc. 5 at 9), but on April 28, 2026, the IJ granted the government's motion to pretermit such application and ordered Petitioner removed to Guatemala. (Doc. 11-1 at 13–18.) Petitioner timely appealed that decision to the Board of Immigration Appeals, which remains pending as of May 28, 2026. (Doc. 5 at 10; Doc. 11-1 at 18.) As such, Petitioner's order of removal is not administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i). According to the I-213, Petitioner has no criminal history. (Doc. 11-1 at 4.)

On June 26, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 16; Doc. 5 at 16–18.) On July 14, 2026, Respondents filed an opposition arguing that Petitioner is an applicant for admission under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2) and therefore his detention is mandatory.[1] (Doc. 11 at 2.)

///

---

[1] Respondents argue, in the alternative, that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2) because of Petitioner's removal order, (*see* Doc. 11 at 2), however that is incorrect. Because Petitioner appealed his order of removal to the BIA, which remains pending (*see* Doc. 11-1 at 18), his removal order is not administratively final. 8 U.S.C. § 1231(a)(1)(B)(i). As such, any ninety-day mandatory detention during the "removal period" has not yet begun. *See* 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A).

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment and that Petitioner is entitled to a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because from the record, it does not appear that Respondents have provided Petitioner any kind of initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

1.    The first amended petition for writ of habeas corpus (Doc. 5) is **GRANTED** for the reasons stated in the orders cited above;

2.    **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

3.    Thereafter, if Petitioner is not released, and no arrest warrant has been issued,

Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

4.   **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5.   Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6.   The Clerk of Court is directed to serve the Mesa Verde Detention Center in Bakersfield, California, with a copy of this Order.

7.   The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  _August 14, 2026_

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

4